(109 So. 293)

**JOHNSON v. STATE.** (4 Div. 209.)

(Court of Appeals of Alabama. June 8, 1926. Rehearing Denied June 29, 1926.)

**I. Criminal law** ⬉364(2)—**Homicide** ⬉169(2).

In trial for manslaughter growing out of encounter near mail box, evidence that defendant put letter in box before difficulty *held* inadmissible as not res gestæ and irrelevant.

**2. Witnesses** ⬉233.

In manslaughter trial, question to defendant, "Then where did she hit you?" *held* improper as suggestive and assuming that de-

ceased struck other blows than two testified to by defendant.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Lessie Johnson was convicted of manslaughter in the first degree, and she appeals. Affirmed.

A. G. Seay, of Troy, for appellant.

The fact that defendant put something in the mail box was relevant. 1 Wharton, Evi. § 20; Whitaker v. State, 106 Ala. 30, 17 So. 456; Burton v. State, 115 Ala. 1, 22 So. 585; 1 Greenleaf, Evi. § 61a. Either the state or the defendant may show motive. Bush v. State, 168 Ala. 77, 53 So. 266; Flanagan v. State, 46 Ala. 703.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

An inquiry calling for self-serving, uncommunicated purpose or intention of defendant is properly excluded. Largin v. State, 20 Ala. App. 550, 104 So. 50. A leading question is objectionable. Parsons v. State, 19 Ala. App. 111, 96 So. 719.

SAMFORD, J. We have read the record and considered every exception, as required by section 3258, Code 1923, and find no error nor a necessity for special consideration, except as hereinafter appears.

[1] The homicide grew out of a mutual rencounter in the public road near a mail box, and the defendant sought to show that before the difficulty she put a letter in the mail box. Being before the difficulty, this act was not a part of the res gestæ, and could have no bearing upon the questions in issue. Nor did the fact sought to be proven conduce to the proof of a pertinent hypothesis tending logically to influence the issue. The authorities cited are not in point.

[2] When the defendant was being examined as a witness, she was asked by her counsel: "Then where did she hit you?" She had just testified: "She hit me twice over the head with a stick." The question asked, and to which objection was sustained, in addition to being suggestive, assumed that deceased had struck defendant other blows, when the defendant in giving the details of the difficulty had only testified to two.

We find no error in the record, and the judgment is affirmed.

Affirmed.